UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORMA R. AVERY,<br><br>     Plaintiff,<br><br> v.<br><br>FLYING J INC., a corporation, and<br>PILOT TRAVEL CENTERS, LLC,<br><br>     Defendants. | Case No. 1:11-cv-00324-BLW<br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Change Venue (Dkt. 6). Also before the Court is Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 10). The Motions are fully briefed and at issue. The Court has determined that oral argument would not significantly assist the decisional process. Being familiar with the record and having considered the parties' briefing, the Court will deny Defendant's Motion (Dkt. 6), and deny as moot Plaintiff's Motion (Dkt. 10), as more fully expressed below.

## BACKGROUND

Plaintiff Norma R. Avery filed an action in Idaho state court for injuries sustained when she stepped into a sinkhole in front of a Flying J facility in Winnemucca, Nevada in

June 2011.  Defendants Flying J and Pilot Travel Centers, LLC removed the case to this

Court in July 2011.  Defendants now move to change venue to federal district court in

Nevada.

## ANALYSIS

Whether to allow transfer of venue is at the court's discretion.  *Ventress v. Japan*

*Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (citations omitted).  Where a civil action is

before the federal district court under diversity jurisdiction, venue is appropriate in a

judicial district

> (1) . . . where any defendant resides, if all defendants reside in the same
> State, (2) . . . [where] a substantial part of the events or omissions giving
> rise to the claim occurred . . . or (3) . . . [where] any defendant is subject to
> personal jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Also, "[f]or purposes of venue . . . a defendant that is a corporation

shall be deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  "Courts have

analogized partnerships and associations to corporations in making venue

determinations."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th

Cir. 1986).  As a limited liability company, Defendant Pilot Travel Centers is a corporate

defendant as contemplated in 28 U.S.C. § 1391(c).

Defendants are subject to personal jurisdiction in this District if they have "certain

minimum contacts with [Idaho] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."  *Yahoo! Inc. v. La Ligue Contre Le*

*Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (other citations omitted). A court's jurisdiction is "specific" where the action against defendant relates to defendant's contacts with the forum, and defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The court's exercise of specific jurisdiction must be reasonable. *See Yahoo! Inc.*, 433 F.3d at 1205-06.

Defendant Flying J, which has consolidated business with Defendant Pilot Travel Centers, operates multiple facilities in Idaho. Plaintiff does not dispute this. The Court therefore finds venue appropriate under 28 U.S.C. §§ 1391(a)(1) and (c).

Although the specific incident giving rise to this action occurred in Winnemucca, Nevada, that location is not substantially farther from Boise, Idaho – at 257 miles away – than it is from Reno, Nevada – at 166 miles away. Thus in terms of practicality, the Court finds it reasonable to exercise jurisdiction and maintain venue for this case in Idaho.

In light of the above, Defendants' Motion to Change Venue will be denied. The Court not having considered or relied upon Plaintiff's Sur-Reply, Plaintiff's Motion for Leave to File Sur-Reply will be denied as moot.

## ORDER

**IT IS ORDERED THAT**:

1.     Defendants' Motion to Change Venue (Dkt. 6) is **DENIED**.

2.     Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 10) is **DENIED** as **MOOT**.

DATED: November 3, 2011

B. Lynn Winmill
Chief Judge
United States District Court